IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01583-MSK-MJW

RUDOLPH WENCL,

    Plaintiff,

v.

PROGRESSIVE CASUALTY INSURANCE COMPANY, an Ohio corporation, and
LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin corporation,

    Defendants.

## ORDER REMANDING CASE

THIS MATTER comes before the Court *sua sponte*.

The Plaintiff commenced this action in the Fremont County District Court. He seeks to recover damages for injuries he sustained in a truck-motorcycle collision, as well as insurance benefits from his insurers. In his Complaint, the Plaintiff did not request any particular monetary relief.

In their Notice of Removal, the Defendants assert that this Court can exercise jurisdiction based upon diversity pursuant to 28 U.S.C.§ 1332. The Defendants contend that the requisite amount in controversy is established by the Plaintiff's mandatory Colorado Civil Cover Sheet, in which the Plaintiff did not elect the use of a simplified procedure under C.R.C.P. 16.1. The Civil Cover Sheet states: "This party is seeking a monetary judgment for more than $100,000 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs[.]" They also contend that such election not to use the simplified procedure was

memorialized in a document filed with the state court that was signed by the Plaintiff's attorney pursuant to C.R.C.P. 11.

In accordance with the analysis set forth in *Baker v. Sears Holding Corp.*, 2007 WL 2908434 (D.Colo. 2007) (slip op.) (copy attached hereto), there has been an insufficient showing of the requisite amount in controversy to establish diversity jurisdiction. This case is different from *Baker* in that a signed document was filed in the state court to memorialize the Plaintiff's decision not to elect the simplified procedure. However, as in *Baker*, election not to use the simplified procedure and to instead seek "more than $100,000 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs" remains too imprecise to demonstrate the amount in controversy for purposes of diversity jurisdiction. Accordingly, the action must be remanded to the State Court. *See* 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** that this action is **REMANDED** to the Fremont County District Court.

Dated this 30th day of July, 2008

                                              **BY THE COURT:**

                                              Marcia S. Krieger
                                              United States District Judge